IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGELA MICHELLE HARMON, ) | |
| ) | Civil Action No. 7:14CV00303 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

The plaintiff, Angela Michelle Harmon, has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g).

By order entered June 26, 2014, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On August 7, 2015, the magistrate judge submitted a report in which he recommends that the Commissioner's final decision denying plaintiff's entitlement to disability insurance benefits be affirmed. Plaintiff has filed objections to the magistrate judge's report.

Mrs. Harmon was born on September 26, 1972, and eventually completed her high school education. Plaintiff has worked as a secretary, billing clerk, ward clerk, sales clerk, production laborer, shipping clerk, and hand grinder. She last worked on a regular and sustained basis in 2011. On March 5, 2011, Mrs. Harmon filed an application for a period of disability and disability insurance benefits. In applying for benefits, plaintiff alleged that she became disabled for all forms of substantial gainful employment on February 17, 2011, due to fibromyalgia; back

pain; pain in left leg and foot; pain in left hip; endometriosis; fatigue; trouble concentrating; anxiety, depression; nervousness; trouble sleeping; bulging disc in back; and back surgery. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Harmon met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Harmon's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 8, 2013, the Law Judge also determined that Mrs. Harmon is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including degenerative disc disease of the lumbar spine with left lower extremity radiculitis; obesity; mild left SI dysfunction; hiatal hernia; and major depressive disorder. (TR 272). Because of these various problems, the Law Judge ruled that Mrs. Harmon is disabled for all of her past relevant work roles. However, the Law Judge determined that plaintiff retains sufficient functional capacity to perform a limited range of light work. The Law Judge assessed Mrs. Harmon's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work. The claimant can never climb ladders, ropes or scaffolds. The claimant can occasionally climb ramps or stairs. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant must avoid concentrated exposure to extreme cold, extreme heat, excessive vibration and hazards such as moving machinery and unprotected heights. The claimant can understand, remember and carry out simple and detailed instructions. The claimant can deal with changes in a routine work setting. The claimant can have occasional interaction with the public, co-workers and supervisors. The claimant needs a sit-stand option at thirty-minute intervals.

2

(TR 276). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled Mrs. Harmon retains the ability to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. §§ 404.1520(g).

Mrs. Harmon sought review of the Law Judge's decision by the Social Security Administration's Appeals Council. In connection with her request for review, plaintiff submitted a multitude of new medical documents. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. (TR 1-4). Having exhausted all available administrative remedies, Mrs. Harmon has now appealed to this court. See 42 U.S.C. § 405(g).

As previously noted, on June 26, 2014, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. The magistrate judge filed a report on August 7, 2015. The magistrate judge recommended that the court affirm the final decision of the Commissioner denying plaintiff's entitlement to benefits. The magistrate judge undertook a detailed review of all of the medical evidence in Mrs. Harmon's case. The magistrate judge determined that the Law Judge's finding of residual functional capacity for a limited range of light work activity is supported by the medical evidence. The magistrate judge also found substantial evidence to support the Law Judge's assessment of plaintiff's credibility. The magistrate judge opined that the Law Judge properly considered Mrs. Harmon's failure to follow her doctor's recommendation for weight loss in the

credibility evaluation. The magistrate judge also focused on plaintiff's argument that the new medical evidence submitted to the Appeals Council supports a remand of her case to the Commissioner for further development. In this context, the magistrate judge recognized that Mrs. Harmon underwent lumbar decompression surgery about seven months after the Law Judge rendered his decision. The magistrate judge also noted that plaintiff's treating family physician, Dr. Scott Jamison, submitted a work assessment about five weeks after the Law Judge's decision, which includes findings of total disability for sustained work activity. The evidence submitted to the Appeals Council also includes a mental health assessment completed about two months after the Law Judge's decision, which indicates that Mrs. Harmon experiences moderate to marked impairments as to specific, work-related emotional components. The magistrate judge ultimately concluded that the medical evidence submitted to the Appeals Council did not differ significantly from that considered by the Administrative Law Judge. Magistrate Judge's Report at 10. Citing to the decision of the United States Court of Appeals for the Fourth Circuit in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), the magistrate judge determined that remand of the case to the Commissioner is not necessary, because further consideration is not likely to result in a different outcome in Mrs. Harmon's case. Magistrate Judge's Report at 9.

In objecting to the magistrate judge's recommendation, plaintiff again argues that the Appeals Council improperly rejected her request for review based on the new medical evidence. She also asserts that the Administrative Law Judge committed reversible error in discounting her credibility because of her failure to lose weight.

This court reviews, de novo, the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1). The court's review of the Commissioner's final decision is limited to a

4

determination as to whether there is "substantial evidence" to support the Commissioner's conclusion that plaintiff has failed to establish entitlement to a period of disability and disability insurance benefits. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

After a review of the record in this case, the court is constrained to agree that the Appeals Council's treatment of new medical evidence submitted by Mrs. Harmon is not supported by the record. The Administrative Law Judge found that Mrs. Harmon is disabled for past work, and limited to a restricted range of light work, because of lower back problems, obesity, and depressive symptoms. Based on the hypothetical questions put to the vocational expert, and the responses received, it seems that the Law Judge considered plaintiff incapable of sedentary work roles because of her need for a sit/stand option. (TR 306-07). In reviewing the medical evidence, the Administrative Law Judge did not mention the reports from plaintiff's family physician, Dr. Scott Jamison, though it appears to the court that the reports received from Dr. Jamison at the time of the Law Judge's consideration of the case provide little help with the disability evaluation. The Law Judge summarized in great detail a consultative medical report completed by Dr. William Waltrip in May of 2011 as well as a psychological consultative report completed by Dr. Megan L. Green on April 29, 2011. Both Dr. Waltrip and Dr. Green saw Mrs. Harmon upon referral from the state disability agency. The Law Judge also summarized in great detail a psychological evaluation from Robert G. Martin, who conducted a one-time clinical

assessment upon referral from plaintiff's attorney. Ultimately, the Law Judge determined to give "little weight" to the opinion of Dr. Green, the state agency consultative psychologist. (TR 283). As for Dr. Waltrip, the state agency medical consultant, the Law Judge noted that the physician's "opinion is too vague to be considered as a valid medical source statement." (TR 283-84). The Law Judge gave the psychological report from Robert Martin "little weight" because the claimant's representative referred the claimant for the examination. (TR 283). For that matter, the Law Judge gave the reports from the state agency physicians "little weight" because the state medical specialists understated plaintiff's physical limitation and degree of depression. (TR 282). In summary, in Mrs. Harmon's case, it is difficult to determine exactly what medical evidence the Law Judge weighed favorably in determining the extent of plaintiff's residual functional capacity.

The medical evidence submitted to the Appeals Council fills some of the gaps in the medical record, and was, at least in part, obtained by her attorneys to do so. The work assessment from Dr. Jamison, the family physician, and the mental health assessment from the psychologist, Dr. Amtower, were submitted only a few days after issuance of the Law Judge's unfavorable decision. Both of these evaluations suggest that Mrs. Harmon is totally disabled. However, the reports received from Dr. Jonathan Carmouche fall into a different category. Dr. Carmouche is an orthopaedic surgeon, who first saw Mrs. Harmon in the spring of 2013 upon referral from Dr. Jamison. Contrary to the finding of the magistrate judge, the diagnostic studies performed at the direction of Dr. Carmouche revealed subarticular stenosis on the left at L4-5, a condition not considered by the Administrative Law Judge. (TR 45). Because of plaintiff's persistent symptoms, Dr. Carmouche recommended decompression surgery at L4-5, which was

6

performed in September of 2013. Plaintiff now contends that the evidence submitted to the Appeals Council establishes that she was suffering from much more severe physical and emotional problems than those contemplated by the Administrative Law Judge. Plaintiff argues that the Appeals Council did not consider this fact in declining her request for review of the Administrative Law Judge's unfavorable decision.

In assessing the evidence submitted by Mrs. Harmon after the issuance of the Administrative Law Judge's opinion, the Appeals Council commented as follows:

> We also looked at the new medical information from Scott Jamison, M.D., Valley Sports and Spine Clinic, Life In Balance, Carilion Clinic, and Jonathan Carmouche, M.D., dated from February 19, 2013 to November 18, 2013. The Administrative Law Judge decided your case through February 8, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled on or before February 8, 2013.

(TR 2).

Assuming that the new medical reports submitted by plaintiff directly to the Appeals Council are best characterized as new evidence, the court believes that plaintiff has established "good cause" for remand of her case to the Commissioner for further consideration on the merits. In Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand based on new evidence must be considered:

> A reviewing court may remand a Social Security case to the [Commissioner] on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir.1983). It must be material to the extent that the [Commissioner's] decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir.1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir.1980). There must be good cause for the claimant's

7

failure to submit the evidence when the claim was before the [Commissioner], 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, the new medical evidence was received by the Appeals Council. Thus, there is no question as to the nature of the evidence. Moreover, given the fact that Dr. Carmouche's reports were obviously generated in the course of continuing treatment, and that the reports were forwarded to the Appeals Council, there can be no concern as to any failure to submit the evidence while the claim was before the Commissioner. Without question, the new evidence relates to back problems, and related subjective symptomatology, which were addressed by the Law Judge in his opinion.[1] As to the final element of the Borders inquiry, the court notes that the new evidence strongly suggests that, contrary to the opinion of the Law Judge, Mrs. Harmon has pursued medical treatment for her complaints, and that this pursuit eventually resulted in the surgical intervention. The medical necessity for treatment and correction of plaintiff's lower back condition lends credence to plaintiff's testimony regarding the debilitating effect of her subjective discomfort prior to the surgical procedure.[2] To the extent that the new reports submitted directly to the Appeals Council are best characterized as new medical evidence, and upon consideration of the Borders factors, the court believes that plaintiff has established

---

[1] It is true that there is some reason to believe that Mrs. Harmon experienced some deterioration in her back condition. As noted above, there was no definitive diagnosis of spinal stenosis during the period of time adjudicated by the Law Judge. For the most part, the last diagnostic studies available for the Law Judge's consideration were compiled in 2011. Thus, it would seem that the deterioration in plaintiff's back condition occurred during the period beginning about a year and a half before the Law Judge's decision and extending for about six months thereafter. The factual questions concerning the onset of plaintiff's more serious problems were not addressed by the Law Judge, and certainly were not addressed by the Appeals Council.

[2] It is well settled that in order for pain to be disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986).

8

"good cause" for remand of her case to the Commissioner for further and more detailed consideration of that evidence.[3]

The court recognizes that the new submissions by plaintiff might arguably fall in a somewhat different category, inasmuch as the reports were first provided to the Appeals Council, and were actually referenced by the Appeals Council in its denial of plaintiff's request for review. The court notes that the United States Court of Appeals for the Fourth Circuit was presented with a similar procedural scenario in the case cited by the magistrate judge, Meyer v. Astrue, supra. In that case, the Court made the following comments as to the assessment to be given to evidence submitted to the Appeals Council for its consideration in determining whether to review the opinion of an Administrative Law Judge:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

662 F.3d at 707.

In the instant case, no fact finder has undertaken to determine whether Mrs. Harmon's physical problems, as outlined in the new medical evidence, were present to such a degree as to

---

[3] At the very least, the new evidence might weigh in favor of establishment of a closed period of disability.

prevent performance of the light work roles envisioned for plaintiff by the vocational expert, during the period of time adjudicated by the Administrative Law Judge. Moreover, the court believes that the new medical evidence could be interpreted so as address certain of the deficiencies in Mrs. Harmon's case as identified by the Law Judge in his opinion. As noted above, the Law Judge determined to accord "little weight" to the reports of the two consultative evaluations commissioned by the state disability agency, and to the psychological evaluations submitted by the plaintiff, at least in part because these medical providers had not treated Mrs. Harmon on a regular basis. The evidence submitted to the Appeals Council includes findings and opinions by both Dr. Jamison and Dr. Carmouche, who have provided plaintiff with regular treatment. Furthermore, the new evidence tends to dispel the notion that plaintiff's credibility is lacking because of her failure to seek rigorous medical treatment for her complaints of pain. Indeed, as buttressed by the evidence submitted to the Appeals Council, the medical record in this case now establishes that Mrs. Harmon has undergone a number of expensive and uncomfortable procedures in an attempt to control her pain, including steroid injections and lower back surgery. Thus, the court finds "good cause" for remand of this case to the Commissioner for consideration by the appropriate fact finder of the entire body of evidence now available for review.

After a de novo review of the record, the court is constrained to conclude that plaintiff's objections to the magistrate judge's report must be sustained. The court concludes that there is "good cause" for remand of the case to the Commissioner for further consideration as outlined in this opinion. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at

10

which both sides will be allowed to present additional evidence and argument. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 28th day of September, 2015.

/s/ Conrad
Chief United States District Judge